# IN THE COURT OF APPEALS OF IOWA

No. 22-0913
Filed July 13, 2023

**BRANDON DANIEL RUIZ,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

An applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

William Monroe, Burlington, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

In this postconviction-relief (PCR) appeal, Brandon Ruiz asserts his trial counsel was ineffective because trial counsel's closing argument was "half-hearted and timid."[1]  We find the issue was not preserved for our review and affirm the district court's dismissal of the PCR action.  We review claims of ineffective assistance of counsel de novo.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

In November 2016, Brandon Ruiz was charged with second-degree sexual abuse against his young child.  The trial information was later amended to reflect additional allegations of abuse, and Ruiz was charged with seven counts total.  In April 2018, a bench trial was held, with the State presenting expert testimony from the forensic interviewer who interviewed the child, Dr. Barbara Harre.  Dr. Harre testified the child had reported multiple incidents of sexual abuse.  But, when the child testified, she described only one occurrence of the abuse, mentioning that she could not remember if it was more than one time.  So, Ruiz was found guilty of one count and acquitted of the six others.

Ruiz applied for PCR in January 2020.  Among his claims, he argued his trial counsel was ineffective for not "highlighting" inconsistencies in the child's testimony.  He testified he believed his attorney should have done more, particularly in closing arguments, to "draw out the inconsistencies in the various

---

[1] In the application and at the PCR hearing, Ruiz raised a number of issues involving trial counsel's representation and also included claims of ineffective assistance regarding the representation of his appellate counsel on direct appeal. We only address the allegations raised here on appeal, which did not mention appellate counsel.

statements the complaining witness made." In this appeal, Ruiz zeros in on the closing-argument theory to support his PCR claim. But, the difficulty for Ruiz over this closing-argument deficiency is that while Ruiz made this argument at his PCR hearing, the PCR court's ruling made no reference to the closing-argument claim. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). And "[w]hen a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* Thus, technically the argument is not preserved for our consideration.

But even if it was preserved, we would not find Ruiz met his burden to prove the elements of ineffective assistance of counsel. *See Ledezma*, 626 N.W.2d at 142 (noting that a PCR applicant must demonstrate ineffective assistance and prejudice by a preponderance of the evidence but "[i]f the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently"). Although Ruiz concedes his trial counsel did point out some inconsistencies in the child's testimony during closing, he narrows his complaints on appeal to trial counsel having "failed whatsoever to point out plainly that the child obviously lied to Dr. Harre or even to argue that because the child had told such obvious lies to Dr. Harre, that the child should not now be believed." He asserts that argument would have assisted the trial court "in reaching the correct decision that Ruiz was not guilty." Given the trial was a bench trial, a review of the closing shows that Ruiz's trial counsel did succinctly summarize the problems with the child's testimony. Further, we note that the trial court dismissed

most of the charges, finding Ruiz guilty of only one act of sexual abuse. We cannot find that trial counsel's performance in framing his closing argument fell below the standard demanded of a reasonably competent attorney. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

As error has not been preserved for our review, we affirm.

**AFFIRMED.**